THE COLUMBUS MUTUAL LIFE INS. CO. *v.* THE NATIONAL LIFE INS. CO.

*Error proceedings — Final order — Section 12258, General Code — Sustaining demurrer to amended supplemental answer.*

Where issues are made up by petition, answer and reply, and subsequently the defendant filed an amended supplemental answer to which a demurrer was sustained, the entry sustaining the demurrer to such amended supplemental answer is not a "final order," within the meaning of Section 12258, General Code, from which error proceedings may be prosecuted.

(Decided April 27, 1917.)

ERROR: Court of Appeals for Summit county.

*Messrs. Sieber & Sieber* and *Mr. J. M. Sheets,* for plaintiff in error.

*Messrs. Mather & Nesbitt,* for defendant in error.

LIEGHLEY, J. The parties stood in reverse order in the court below, and will be herein mentioned as they stood below.

On September 29, 1914, the plaintiff filed its petition in the common pleas court of Summit county, Ohio, praying for injunction and other relief. February 12, 1915, defendant tendered issue by the filing of an amended answer, in which it claimed two defenses to said action. July 7, 1915, the plaintiff filed a reply thereto. By these pleadings, the issues were made up and the case stood ready for trial.

April 19, 1916, defendant filed a supplemental answer claiming an alleged settlement of the lawsuit, to which a demurrer was sustained. May 12, 1916, an amended supplemental answer was filed

making substantially the same claim, to which a demurrer was sustained, to which order the defendant excepted, and not desiring to further amend said amended supplemental answer the same was dismissed at the costs of the defendant, from which entry sustaining said demurrer error is prosecuted to this court.

The plaintiff filed a motion in this court to dismiss the error proceedings on the ground that the entry from which error is prosecuted is not a final order.

It was admitted at the hearing hereof—and necessarily so—that the filing of the supplemental answer and the amended supplemental answer did not amount to an abandonment of the defenses set forth in the amended answer; also that in event the court below was sustained in its ruling on the demurrer to the supplemental answer defendant might rely upon its amended answer and proceed to trial upon the original pleadings. Necessarily we must conclude that only in event defendant prevails in its claim of an alleged settlement or compromise could said entry be regarded as a final one and determinative of the litigation. In the event the defendant fails therein, we have the original lawsuit with all its vitality.

It is urged, however, that we should hear this case for the reason that it tends to shorten the litigation, avoids a lengthy and expensive trial of the case on the original pleadings, and is in harmony with a speedy disposition of the case; all of which we agree is desirable. However, if we entertain jurisdiction of the error proceedings, and upon hearing thereof decide that the court below was

right in sustaining the demurrer to the amended supplemental answer, then perhaps the defendant may see fit to file a second amended supplemental answer claiming an alleged settlement or compromise of a later date, and with another demurrer sustained thereto again prosecute error to this court. If this procedure should be adopted, we wonder when there would be a trial of the original lawsuit. We are of the opinion that the entry from which error is prosecuted is not such an order as determines the action and amounts to a finality of the litigation, and is therefore not a final order as comprehended by Section 12258, General Code. *Holbrook, Admr.,* v. *Connelly,* 6 Ohio St., 200; *Carpenter* v. *Canal Co.,* 35 Ohio St., 307; *Henry* v. *Jeans et al.,* 48 Ohio St., 443, and *Cincinnati & Columbus Traction Co.* v. *Jewett Car Co.,* 11 C. C., N. S., 189.

The motion to dismiss the petition in error is granted, at the costs of plaintiff in error.

GRANT and CARPENTER, JJ., concur.